**AKERMAN LLP**
666 Fifth Avenue, 20th Floor
New York, New York 10103
Tel: 212.880.3800
Fax: 212.905.6410
Donald N. David, Esq. (donald.david@akerman.com)
M. Darren Traub, Esq. (darren.traub@akerman.com)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
In re:

GREGORY LAND MAIDMAN,

                Debtor.
------------------------------------------
ROBERT L. GELTZER, as Chapter 7 Trustee of
GREGORY LANE MAIDMAN,

                Plaintiff,

                -against-

WM MAIDMAN FAMILY LIMITED PARTNERSHIP,
RICHARD MAIDMAN, MITCHEL MAIDMAN,
FASHION WEAR REALTY CO., INC. d/b/a
TOWNHOUSE MANAGEMENT, 22ND STREET
SURPLUS HOLDING COMPANY, LP, 554-556
MANAGER, LLC, 556 CONDO HOLDING CORP.,
AMSTERDAM APARTMENTS MANAGER LLC,
MAIDMAN COUSINS HOLDING LLC, MAIDMAN
FAMILY PARKING LP, R&D MAIDMAN FAMILY
LTD PARTNERSHIP, R&D 233/408 COMPANY, LP,
and THE CHELSEA MANAGER LLC,

                Defendants.
------------------------------------------x

Case No. 11-12497 (MG)

Case No. 15-01067 (MG)

**ANSWER, DEFENSES, AND CROSS-CLAIMS**

       Defendants WM Maidman Family Limited Partnership, Richard Maidman, Mitchel Maidman, Fashion Wear Realty Co., Inc. d/b/a Townhouse Management, 22nd Street

Surplus Holding Company, LP, 554-556 Manager, LLC, 556 Condo Holding Corp., Amsterdam Apartments Manager LLC, Maidman Cousins Holding LLC, Maidman Family Parking LP, R&D Maidman Family Ltd Partnership, R&D 233/408 Company, LP, and The Chelsea Manager LLC, (collectively "Defendants"), by and through their attorneys, Akerman LLP, as and for their Answer to the Complaint (the "Complaint") filed by Plaintiff Robert L. Geltzer, as Chapter 7 Trustee of Gregory Land Maidman (the "Trustee"), hereby state as follows:

## PROCEDURAL BACKGROUND

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

## PARTIES

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in paragraph 11 of the Complaint.

17. Defendants admit that The Chelsea Manager LLC was a limited liability company organized and existing under the laws of the of the State of New York, which had a principal office address at 70 East 55th Street, New York, New York 10022, but deny the remaining allegations contained in paragraph 17 of the Complaint.

## JURISDICTION AND VENUE

18. Defendants neither admit nor deny the allegations contained in paragraph 18 of the Complaint as they purport to set forth legal conclusions to which no responsive pleading is required.

19. Defendants neither admit nor deny the allegations contained in paragraph 19 of the Complaint as they purport to set forth legal conclusions to which no response pleading is required.

20. Defendants neither admit nor deny the allegations contained in paragraph 20 of the Complaint as they purport to set forth legal conclusions to which no response pleading is required.

21. Defendants neither admit nor deny the allegations contained in paragraph 21 of the Complaint as they purport to set forth legal conclusions to which no response pleading is required.

## FACTS

22. In response to the allegations contained in paragraph 22 of the Complaint, Defendants object that the allegations are compound and vague, and therefore deny the allegations as pleaded.

23. In response to the allegations contained in paragraph 23 of the Complaint, Defendants admit that the Maidman Real Estate Entities are governed by written documents that speak for themselves and respectfully refer the Court to the document for their full content and meaning. However, due to the compound and vague nature of the allegations as made, including but not limited to the use of defined terms to encompass a broad range of entities, interests and positions, and resulting unclear time periods that are conflated by the method of pleading, Defendants deny the allegations of paragraph 23.

24. In response to the allegations contained in paragraph 24 of the Complaint, Defendants admit that the Maidman Real Estate Entities are governed by written documents that speak for themselves and respectfully refer the Court to the document for their full content and meaning. However, due to the compound and vague nature of the allegations as made, including but not limited to the use of defined terms to encompass a broad range of entities, interests and positions and resulting unclear time periods that are conflated by the method of pleading, Defendants deny the allegations of paragraph 24.

25. Defendants admit the allegations contained in paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. In response to the allegations contained in paragraph 29 of the Complaint, Defendants admit that WM Maidman has made monthly payments in the average amount of $3,000 to certain family members, but denies the remaining allegations as pleaded. Defendants expressly deny that such payments were in any fashion related to such family members interests, if any, in WM Maidman.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint. . Defendants affirmatively state that such payments as were made were discretionary paymentss and were not in any fashion related to such family members interests, if any, in WM Maidman.

31. In response to the allegations contained in paragraph 31 of the Complaint, Defendants admit that WM Maidman has made monthly payments in the amount of $3,000 to certain family members, but denies the remaining allegations as pleaded. Defendants affirmatively state that such payments as were made were discretionary paymentss and were not in any fashion related to such family members interests, if any, in WM Maidman.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint. Defendants affirmatively state that such payments as were made were discretionary paymentss and were not in any fashion related to such family members interests, if any, in WM Maidman. As such, since the payments were not related to or a consequence of the Debtor's putative ownership interest in WM Maidman, such payments were not due to be received by the Trustee.

33. In response to the allegations contained in paragraph 33 of the Complaint, Defendants admit that WM Maidman has made monthly payments in the amount of $3,000 to certain family members, but denies the remaining allegations as pleaded. Defendants affirmatively state that such payments as were made were discretionary payments and were not in any fashion related to such family members interests, if any, in WM Maidman. As such, since the payments were not related to or a consequence of the Debtor's putative ownership interest in WM Maidman, such payments were not due to be received by the Trustee.

34. In response to the allegations contained in paragraph 34 of the Complaint, Defendants admit that Amsterdam Manager was governed by a written document that spoke for itself and respectfully refers the Court to the document for its full content and meaning.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants admit the allegations contained in paragraph 42 of the Complaint but neither admit nor deny that the Trustee succeeded to the Debtor's estate's interest upon the filing of the Petition as the allegation purports to set forth legal conclusions to which no response pleading is required.

43. In response to the allegations contained in paragraph 43 of the Complaint, Defendants admit that all of the Maidman Real Estate Entities are governed by written documents that speak for themselves, including how they are controlled and/or managed, and respectfully refers the Court to the documents for their full content and meaning.

44. In response to the allegations contained in paragraph 44 of the Complaint, Defendants admit that 556 Condo Holding and 554-556 Manager had controlled and/or managed a portion of the property located at 554-55 3rd Avenue, New York, New York 10016, but deny the remaining allegations in paragraph 44 of the Complaint. Respondent affirmatively states that there is a mortgage on the premises so that the equity value of the Premises is worth substantially less than the appraised value.

6

45. In response to the allegations contained in paragraph 45 of the Complaint, Defendants admit that between 2006 and 2011, no fewer than seven condominium units in The Aurora were sold by 556 Condo Holding, but deny the remaining allegations in paragraph 45 of the Complaint.

46. In response to the allegations contained in paragraph 46 of the Complaint, Defendants deny the existence of the Aurora Profits or that the Debtor or Trustee were entitled to any portion thereof.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint. Respondent affirmatively states that the Trustee has mischaracterized the significance and meaning of the 2013 K-1 tendered to the Trustee.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants admit the allegations contained in paragraph 48 of the Complaint.

50. In response to the allegations contained in paragraph 50 of the Complaint, Defendants admit that R&D 233/408 sold the 233/408 Properties to a third-party purchaser, but deny the remaining allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

### RESPONSE TO THE TRUSTEE'S FIRST CAUSE OF ACTION
**(Violations of the Automatic Stay Under Section 362(a) against WM Maidman, Richard Maidman and Mitchel Maidman)**

54. Defendants repeat and reallege each and every answer set forth in paragraphs "1" through "53" above as if set forth in full herein.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

7

57.	Defendants deny the allegations contained in paragraph 55 of the Complaint.

## RESPONSE TO THE TRUSTEE'S SECOND CAUSE OF ACTION
**(Conversion against WM Maidman, Richard Maidman and Mitchel Maidman)**

58.	Defendants repeat and reallege each and every answer set forth in paragraphs "1" through "57" above as if set forth in full herein.

59.	Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.	Defendants deny the allegations contained in paragraph 60 of the Complaint.

## RESPONSE TO THE TRUSTEE'S THIRD CAUSE OF ACTION
**(Turnover against WM Maidman, Richard Maidman and Mitchel Maidman)**

61.	Defendants repeat and reallege each and every answer set forth in paragraphs "1" through "60" above as if set forth in full herein.

62.	Defendants deny the allegations contained in paragraph 62 of the Complaint. . Defendants affirmatively state that such payments as were made were discretionary payments and were not in any fashion related to such family members interests, if any, in WM Maidman.

63.	Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.	In response to paragraph 64 of the Complaint, Defendants deny that any money is due or owing to the Trustee and deny the remaining allegations contained in paragraph 64 of the Complaint

65.	In response to paragraph 65 of the Complaint, Defendants deny that any money is due or owing to the Trustee and deny the remaining allegations contained in paragraph 65 of the Complaint

66.	Defendants deny the allegations contained in paragraph 66 of the Complaint.

### RESPONSE TO THE TRUSTEE'S FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty against Richard Maidman and Mitchel Maidman)

67. Defendants repeat and reallege each and every answer set forth in paragraphs "1" through "66" above as if set forth in full herein.

68. Defendants neither admit nor deny the allegations contained in paragraph 68 of the Complaint as they purport to set forth legal conclusions to which no responsive pleading is required.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint. . Defendants affirmatively state that such payments as were made were discretionary payments and were not in any fashion related to such family members interests, if any, in WM Maidman.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

### RESPONSE TO THE TRUSTEE'S FIFTH CAUSE OF ACTION
### (Turnover against Amsterdam Manager, Richard Maidman and Mitchel Maidman)

72. Defendants repeat and reallege each and every answer set forth in paragraphs "1" through "71" above as if set forth in full herein.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. In response to the allegations contained in paragraph 75 of the Complaint, Defendants deny the existence of the Amsterdam Profits or that the Debtor or Trustee were entitled to any portion thereof.

76. In response to the allegations contained in paragraph 75 of the Complaint, Defendants deny the existence of the Amsterdam Profits or that the Debtor or Trustee were entitled to any portion thereof.

9

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

### RESPONSE TO THE TRUSTEE'S SIXTH CAUSE OF ACTION
### (Turnover against 556 Condo, 554-556 Manager, Richard Maidman and Mitchel Maidman)

78. Defendants repeat and reallege each and every answer set forth in paragraphs "1" through "77" above as if set forth in full herein.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. In response to the allegations contained in paragraph 81 of the Complaint, Defendants deny the existence of the Aurora Profits or that the Debtor or Trustee were entitled to any portion thereof.

82. In response to the allegations contained in paragraph 82 of the Complaint, Defendants deny the existence of the Aurora Profits or that the Debtor or Trustee were entitled to any portion thereof.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

### RESPONSE TO THE TRUSTEE'S SEVENTH CAUSE OF ACTION
### (Turnover against R&D 233/408, Richard Maidman and Mitchel Maidman)

84. Defendants repeat and reallege each and every answer set forth in paragraphs "1" through "83" above as if set forth in full herein.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. In response to the allegations contained in paragraph 87 of the Complaint, Defendants deny the existence of the 233/408 Profits or that the Debtor or Trustee were entitled to any portion thereof.

88. In response to the allegations contained in paragraph 88 of the Complaint, Defendants deny the existence of the 233/408 Profits or that the Debtor or Trustee were entitled to any portion thereof.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

### RESPONSE TO THE TRUSTEE'S EIGHTH CAUSE OF ACTION
**(Breach of Fiduciary Duty against Richard Maidman and Mitchel Maidman)**

90. Defendants repeat and reallege each and every answer set forth in paragraphs "1" through "89" above as if set forth in full herein.

91. Defendants neither admit nor deny the allegations contained in paragraph 91 of the Complaint as they purport to set forth legal conclusions to which no responsive pleading is required.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

### RESPONSE TO THE TRUSTEE'S NINTH CAUSE OF ACTION
**(Conversion against Richard Maidman and Mitchel Maidman)**

96. Defendants repeat and reallege each and every answer set forth in paragraphs "1" through "95" above as if set forth in full herein.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

## RESPONSE TO THE TRUSTEE'S TENTH CAUSE OF ACTION
### (Accounting against All Defendants)

101.    Defendants repeat and reallege each and every answer set forth in paragraphs "1" through "100" above as if set forth in full herein.

102.    Defendants admit the allegations contained in paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in paragraph 108 of the Complaint.

## RESPONSE TO THE TRUSTEE'S RESERVATION OF RIGHTS

109.    In response to the allegations contained in paragraph 109 of the Complaint, Defendants deny that they have withheld any relevant or responsive document from the Trustee or the Debtor and Defendants, but neither admit nor deny the remaining allegations contained in paragraph 109 of the Complaint as they purport to set forth legal conclusions to which no responsive pleading is required.

110.    In response to the allegations contained in paragraph 110 of the Complaint, Defendants neither admit nor deny the remaining allegations contained in paragraph 110 of the Complaint as they purport to set forth legal conclusions to which no responsive pleading is required.

111. With respect to the unnumbered paragraph of the Complaint on page 25, beginning with "WHEREFORE," the comprises the Trustee's Request for Relief, Defendants deny that the Trustee is entitled to the relief requested therein or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting that they bear the burden of proof on any of the following defenses, Defendants state, as separate and independent defenses and/or affirmative defenses, as follows:

### FIRST AFFIRMATIVE DEFENSE

112. The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

113. The claims set forth in the Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, and /or laches.

### THIRD AFFIRMATIVE DEFENSE

114. The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of recoupment.

### FOURTH AFFIRMATIVE DEFENSE

115. The claims set forth in the Complaint are subject, in whole or in part, to setoff.

### FIFTH AFFIRMATIVE DEFENSE

116. The claims set forth in the Complaint are barred, in whole or in part, as the property at issue is not property of the estate under 11 U.S. Code § 541.

117. In addition to the foregoing defenses, Defendants intend to rely upon such other and further defenses as may become available or apparent during the proceedings in this action and hereby reserve the right to amend its Answer to assert any such further defenses.

**WHEREFORE**, Defendants respectfully request that the Court:

(a)     dismiss the Complaint in its entirety and with prejudice; and

(b)     grant Defendants such other and further relief as is just and proper, together with their reasonable costs and disbursements incurred in connection with this matter.

Dated: New York, New York
      May 1, 2015

                        **AKERMAN LLP**

                        By: /s/ Donald N. David
                            Donald N. David
                            M. Darren Traub
                            666 Fifth Avenue, 20th Floor
                            New York, New York 10103
                            212.880.3800
                        *Attorneys for Defendants*