UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:

GREGORY LANE MAIDMAN,

                       Debtor.

Case No. 11-12497 (MG)

-----------------------------------------------------------------------X
ROBERT L. GELTZER, as Chapter 7 Trustee of
GREGORY LANE MAIDMAN,

                       Plaintiff,

   v

WM MAIDMAN FAMILY LIMITED PARTNERSHIP,
RICHARD MAIDMAN, MITCHEL MAIDMAN,
FASHION WEAR REALTY CO., INC. d/b/a
TOWNHOUSE MANAGEMENT, 22ND STREET
SURPLUS HOLDING COMPANY, LP, 554-556
MANAGER, LLC, 556 CONDO HOLDING CORP.,
AMSTERDAM APARTMENTS MANAGER LLC,
MAIDMAN COUSINS HOLDING LLC, MAIDMAN
FAMILY PARKING LP, R&D MAIDMAN FAMILY
LTD PARTNERSHIP, R&D 233/408 COMPANY, LP,
AND THE CHELSEA MANAGER LLC,

Adv. Pro. No. 15-01067 (MG)

                       Defendants.
-----------------------------------------------------------------------X

**ORDER APPROVING SETTLEMENT STIPULATION
PURSUANT TO RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

     Upon the Notice of Motion, dated January 7, 2016 (the "Motion"; Docket No. 12), and the Affirmation, dated December 30, 2015, of Robert L. Geltzer, as the Chapter 7 trustee (the "Trustee") of the above-captioned Debtor, in support of the Trustee's Motion for an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Stipulation of Settlement between the Trustee and Defendants in the above-captioned adversary proceeding (WM Maidman Family Limited Partnership, Richard Maidman, Mitchel Maidman, Fashion Wear Realty Co., Inc. d/b/a/ Townhouse Management, 22nd Street

Surplus Holding Company, LP, 554-556 Manager, LLC, 556 Condo Holding Corp., Amsterdam Apartments Manager LLC, Maidman Cousins Holding LLC, Maidman Family Parking LP, R&D Maidman Family Ltd Partnership, R&D 233/408 Company, LP, and The Chelsea Manager LLC (collectively "Defendants")) dated December 7, 2015 (the "Settlement Stipulation"), a copy of which is annexed to the Motion as Exhibit 1; and good and sufficient notice of the Motion having been given pursuant to Rule 2002(a)(3) of the Bankruptcy Rules, and no further notice being required; and no objection having been interposed to the Motion; a hearing on the Motion having been held before this Court on February 3, 2016, and due deliberation thereon having been had; and the Court having found that the Settlement Stipulation is in the best interests of the Debtor, the Debtor's estate, and its creditors; and for good cause shown, it is hereby:

**ORDERED**, that the Motion is GRANTED.

**ORDERED**, that the terms of the Settlement Stipulation are approved and are binding upon the Trustee and Defendants (collectively, the "Parties").

**ORDERED**, that the Parties are authorized and directed to take all actions necessary to effectuate the terms of the Settlement Stipulation.

**ORDERED**, that this Court shall retain jurisdiction over any dispute or controversy arising from or related to the entry of this Order.

**ORDERED**, that the Clerk of Court shall close this adversary proceeding.

**IT IS SO ORDERED.**

Dated:   February 10, 2016
         New York, New York

                                             _____/s/Martin Glenn_____
                                                 MARTIN GLENN
                                         United States Bankruptcy Judge